# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOPPAS INDUSTRIES DE MEXICO S.A. DE C.V., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 18-1693-CFC ) |
| BACKER EHP, INC., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Pending before me are Defendant's objections (D.I. 21) to the Magistrate Judge's Report and Recommendation issued on December 5, 2019 (D.I. 18). The Magistrate Judge recommended in his Report and Recommendation that I deny in part and grant in part Defendant's motion to dismiss the Complaint (D.I. 7). I have reviewed the Report and Recommendation, the objections, and Plaintiff's response (D.I. 23).

1. Counts I and II of the Complaint allege misappropriation of trade secrets claims under the Defend Trade Secret Act of 2016, 18 U.S.C. § 1836 *et seq.* (Count I) and the Tennessee Uniform Trade Secrets Act, Tenn. Code Ann. § 47-25-1702 *et seq.*, (Count II). Count III alleges a claim of unjust enrichment.

2. Defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all three counts for failure to state a cognizable claim. D.I. 7.

3. I referred the motion to dismiss to the Magistrate Judge. D.I. 15.

4. Plaintiff did not contest the motion to dismiss Count III.

5. The Magistrate Judge concluded that the Complaint adequately pleads trade secret claims and recommended that I deny the motion to dismiss those claims. D.I. 18. Because Plaintiff did not contest the motion to dismiss Count III, the Magistrate Judge recommended that I grant the motion to dismiss that count.

6. The Magistrate Judge had the authority to make his findings and recommendation under 28 U.S.C. § 636(b)(1)(B).

7. Defendant objects to the Magistrate Judge's findings and recommendation with respect to Counts I and II. I review his findings and recommendation *de novo*. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

8. Defendant argues first that the Report and Recommendation "leaves open the scope of the trade secrets at issue." D.I. 21 at 1. In Defendant's words: "The Report analyzes only whether the purported 'leg thermostat design' trade secret is properly pled and does not discuss other purported trade secrets." *Id.* at

3. My response to this objection is: "You are correct, and your objection is therefore overruled." The Magistrate Judge had before him a Rule 12(b)(6) motion that required him to determine (to use Defendant's words) "whether the purported 'leg thermostat design' trade secret [wa]s properly pled." That is exactly what the Magistrate Judge did. The Magistrate Judge was not required to "discuss other purported trade secrets."

9. Defendant next argues that "[t]he Report contains no analysis regarding whether and to what extent Plaintiff alleged that the 'leg thermostat design' ... was known only to Plaintiff and was not 'generally known' to, or 'reasonably ascertainable' by, others in the industry." D.I. 21 at 5. But as the Magistrate Judge noted, the Complaint alleges that: the leg thermostat design was developed by Plaintiff at the request of Whirlpool under cover of a mutual non-disclosure agreement; Whirlpool and Plaintiff agreed that the disclosure of this information would cause irreparable harm to Plaintiff; and Plaintiff requested the trade secrets be returned or destroyed after its relationship with Whirlpool broke down. D.I. 18 at 5-7. It is plausible to infer from these allegations that the leg thermostat design was not generally known or reasonably ascertainable by others in the industry.

10. Finally, Defendant faults the Magistrate Judge for rejecting its argument that the Complaint contains no allegations that tie Whirlpool's accessing information from Plaintiff to Defendant's misappropriating trade secrets. D.I. 21 at 6-7. But I agree with the Magistrate Judge's determination that it can be plausibly inferred from the facts alleged in the Complaint "that Defendant—worried that it would miss the relevant compliance deadline and having previously failed to design a compliant heating element—sought and/or obtained Plaintiff's trade secret information from Whirlpool regarding the leg thermostat design, and used that information in Defendant's design and development process." D.I. 18 at 7–8.

WHEREFORE, on this 14th day of January in 2020, IT IS HEREBY ORDERED that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (D.I. 21) are OVERRULED;

2. The Report and Recommendation (D.I. 18) is ADOPTED;

3. Defendant's motion to dismiss (D.I. 7) is GRANTED IN PART AND DENIED IN PART; and

4. Count III of the Complaint (D.I. 1) is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE